**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **GLORIA L. STRODE,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**MICHAEL J. ASTRUE, Commissioner of** )<br>**the Social Security Administration,** )<br>)<br>**Defendant.** )<br>) | **Cause No. 1:09-cv-64-WTL-TAB** |

**ENTRY ON MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The Magistrate Judge has filed his Report and Recommendation in which he recommends that the Plaintiff be awarded $5,938.12 in attorney's fees for prevailing against the Government in this social security disability case. The Government filed a timely objection to the Report and Recommendation (Docket No. 37). Having considered the Government's objection and conducted the *de novo* review required by Federal Rule of Civil Procedure 72(b)(3), the Court now rules as follows.

The Government's objection essentially restates the arguments made in support of its claim that the Plaintiff is not entitled to attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). First, the Government argues that its position was substantially justified and thus, the Plaintiff is not entitled to recover her attorney's fees. *See Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006) (listing the four statutory requirements that a claimant must satisfy in order to recover his attorney's fees).

"In order for the Commissioner's position to be substantially justified, it must have reasonable factual and legal bases, and there must exist a reasonable connection between the

facts and her legal theory." *Cunningham*, 440 F.3d at 864. "The Commissioner has the burden of establishing that her position was substantially justified." *Id*. The Government claims that "the reason for the remand of the ALJ's decision appears to be primarily an articulation error that does not equate with a lack of substantial justification." Docket No. 37 at 3. The Court disagrees. The Entry remanding the Plaintiff's case to the agency concluded that the ALJ failed to address significant medical records, which colored the ALJ's credibility finding and affected the residual functional capacity. Thus, this case is analogous to *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004), in which the Seventh Circuit concluded that the Commissioner's position was not substantially justified because the ALJ mischaracterized and disregarded medical evidence.

The Government's second objection is that any fee award should be reduced by 30 percent because Plaintiff's counsel's style of briefing was not helpful. In his Report and Recommendation, the Magistrate Judge noted that Plaintiff's counsel's briefing in this case suffered from "shortcomings" but he declined to reduce the requested fee award because this briefing predated *Smith v. Astrue*, No. 1:09-cv-255-JMS-LJM, 2010 WL 724622 (S.D. Ind. Feb. 25, 2010). In addition, the Magistrate Judge noted that the Government did not challenge the amount of the requested fee and he concluded that the fee appeared reasonable. The Court can only agree in part. Although the amount of time expended on this case (33.25 hours) appears reasonable, the Court does not agree that Plaintiff's counsel's calculation of his hourly rate ($178.59 per hour) is reasonable. The Court has previously awarded (and counsel for both the Government and the Plaintiff have agreed) to an hourly rate closer to $170 per hour. Using an hourly rate of $170, Plaintiff's counsel is entitled to an attorney's fee of $5,652.50, which this

Court believes is reasonable.

The Government's final objection is that any fee award should be paid to the Plaintiff, not directly to Plaintiff's counsel. In support of this argument, the Government cites *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010), which held: "[A] a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." However, the Supreme Court went on to note that the Government had, in some cases, paid EAJA fees directly to attorneys. This most often occurred "in cases in which the prevailing party had assigned its rights in the fees award to the attorney." *Id*. at 2529. "[T]he Government has since continued the direct payment practice only in cases where 'the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney.'" *Id*. (citation omitted).

The Court does not read *Ratliff* as precluding payment of EAJA fees directly to attorneys in all cases. Indeed, post-*Ratliff*, numerous district courts in the Seventh Circuit have rejected the argument propounded by the Government and have concluded that "*Ratliff* does not establish a policy against assignments [of attorney's fees]." *Holofchak v. Astrue*, No. 09-C-5204, 2011 WL 662735 at *1 (N.D. Ill. Feb. 14, 2011); *see also Byers v. Astrue*, No. 1:09-cv-01597-TAB-JMS, 2011 WL 2472992 at *2 (S.D. Ind. Jun. 22, 2011); *Booker v. Astrue*, No. 4:08-cv-097-SEB-WGH, 2010 WL 2771875 at *3 (S.D. Ind. July 13, 2010). While these decisions are, of course, not binding on this Court, given the language in *Ratliff*, the Court believes that they are well-reasoned and instructive.

Moreover, the Court does not believe that awarding fees directly to Plaintiff's counsel thwarts the intentions of either the Debt Collection Improvement Act or the Anti-Assignment

3

Act. In this case, the Plaintiff provided the Court with a copy of a document assigning her attorney the right to receive the fees in question. *See* Docket No. 31 Ex. 2 at 2. The Government has not challenged its validity. Nor has the Government asserted that the Plaintiff owes any pre-existing debt to the Government.

Accordingly, for the foregoing reasons, the Court awards Plaintiff's counsel an attorney's fee of $5,652.50 under the EAJA.

SO ORDERED: 07/13/2011

Copies to:

Thomas E. Kieper
United States Attorney's Office
tom.kieper@usdoj.gov

Patrick Harold Mulvany
mulvany@onet.net

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana